**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Stephen BASEY, Defendant-Appellant.**

**No. 72–1813.**

United States Court of Appeals, Ninth Circuit.

Sept. 29, 1972.

167 (5th Cir. En Banc 1965), cert. denied, Cox v. Hauberg; 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1967).

William L. Osterhoudt (argued), George G. Walker, San Francisco, Cal., for defendant-appellant.

James H. Daffer, Asst. U. S. Atty. (argued), F. Steele Langford, Janet Aiken, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS, BARNES and MOORE*, Circuit Judges.

BARNES, Circuit Judge:

Appellant Basey was indicted with three co-defendants of the possession, with intent to distribute, various amounts of dl-desoxyephedrine, a "Schedule III controlled substance." This was a four count indictment with three substantive counts (involving .9 gram, 456 grams, and 802 grams, respectively)— [21 U.S.C. § 841(a)(1)]—and a conspiracy count—[21 U.S.C. § 846]. Appellant Basey was convicted only on Count One, involving a "sample" of the drug in his possession.

Government agents supplied appellant and his co-defendants at differing times with a difficult to get chemical essential to the manufacture of dl-desoxyephedrine, namely: "phenyl-2-propanone" (commonly known, and hereinafter referred to, as "P2P"). No defendant tes-tified. The government's testimony as to the "trade" of the P2P for certain quantities of the controlled substance resulted in a jury verdict for all defendants on Counts Two, Three and Four on grounds of government entrapment. The jury, after some deliberation, asked the judge whether the government had supplied the essential chemical (P2P) for the production of the .9 gram which was the subject of Count One. The trial judge stated there was no direct proof "[E]stablishing that one way or the other." (R.T. 112–113) Counsel for defendant below agreed. (R.T. 109–110) The jury decided appellant's entrapment argument failed as to Count One.

Appellant urges as the first error that the evidence established, as a matter of law, entrapment as to Count One. Neither the jury nor the trial judge agreed, nor do we. For government agents to afford a defendant opportunities and facilities for the commission of the offense in question is not enough. There is ample evidence to support an implicit jury finding that the government agents did not exert persuasion or pressure of any kind in an effort to induce defendant to commit the offenses charged, i. e., to produce the contraband drug. See: United States v. Walton, 411 F.2d 283, 288 (9th Cir., 1969); United States v. Hodas, 467 F.2d 211 (9th Cir., decided 9/11/72). The jury so found as to Count One, and found to the contrary in Counts Two to Four, inclusive. As triers of fact, that was their right. But their determination was made as a matter of fact, not as a matter of law.

Appellant urges as a second error that the district court misstated the evidence relating to whether the government supplied an essential ingredient to the manufacture of the illegal substance involved in Count One. Appellant urges this evidence is "clear" (Brief, p. 5, citing R.T., pp. 54, 62, 63, and at oral argument, pages 44–47). Again, we disagree. Nei-

* The Honorable Leonard P. Moore, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

ther the cited pages nor a careful examination of the entire transcript disclose any significant evidence that the .9 gram referred to in Count One was manufactured with the aid of P2P supplied by the government. When the sample was supplied to the agents, Mr. Kibbee, who produced it, had been and then was manufacturing amphetamines (as related by Agent Bullock) (Ct. Tr., p. 17), and there were other sources of supply from which P2P could be obtained, according to Mr. Kibbee.

The conviction as to Count One is affirmed.